IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS



UNITED STATES OF AMERICA )
       Respondent )
        ) Criminal No. 00-10385 (WGY)
        )
   Against )  Appeals Court No. 02-1271
        )
        )  04 10498 WGY
ALBERTO SOTO-LARA )
       Petitioner )

**MEMORANDUM OF LAW IN SUPPORT OF
PETITIONER'S MOTION UNDER SECTION 2255**

Now Comes, the Petitioner, Alberto Soto-Lara, Pro Se, who respectfully moves this Honorable Court to Vacate, Set aside, or Correct his sentence for the following reasons:

   A.   DEFENDANT SIXTH AMENDMENT RIGHT WERE VIOLATED DUE TO HIS DEFENSE LAWYER'S LACK OF EFFICIENCY, SINCE THE BREACH OF AGREEMENT BY THE GOVERNMENT WAS NOT NOTED BY THE DEFENSE LAWYER EITHER IN THE DISTRICT COURT OR THE COURT OF APPEALS.

   B.   DEFENSE LAWYER WAS INEFFECTIVE FOR FAILING TO ADVANCE AN ADEQUATE LEGAL ARGUMENT BASED ON THE FACT THAT A SECOND INDICTMENT WAS ISSUED CHARGING THE PETITIONER WITH A VIOLATION OF 21 U.S.C. § 846 IN VIOLATION OF THE DOUBLE JEOPARDY CLAUSE AND SHOULD BE VACATED OR SET ASIDE.

The Petitioner's reasons for his claims are more fully described below:

1

## STATEMENT OF THE CASE

Alberto Soto-Lara, the Petitioner, was charged in a six count indictment returned on October 25, 2000 with violation of 21 U.S.C. §846, for conspiracy to to possess with intent to distribute cocaine (Count One), and possession of cocaine with intent to distribute, distribution and aiding and abetting, (Count Two), in violation of 21 U.S.C. §841 (a)(1).

On August 17, 2001 the defendant appeared with counsel before the Honorable William G. Young, in the United States District Court, District of Massachusetts, and, pursuant to a plea agreement with the United States Attorney's office, entered a guilty plea as to the conspiracy charged in Count One, while reserving the right to contest the quantity of cocaine involved. Count Two was later dismissed at the request of the government with defendant's assent.

On February 27, 2002 defendant was sentenced by Judge Young to one hundred sixty-eight (168) months in prison followed by a thirty-six (36) month term of supervised release and was also ordered to pay a $100 special assessment.

Petitioner is now serving his sentence at F.C.I. Elkton, Ohio according to the judgment.

## STATEMENT OF FACT
## INDICTMENT No. 00 Cr 10385 (WGY)

On October 25, 2000, a Federal Grand Jury sitting in Boston returned sealed Felony Indictment charging Alberto Soto-Lara. Count One charges that in or about January 1997, and continuing thereafter until in or about October, 2000, in Massachusetts, and in the District of Rhode Island, Alberto Soto-Lara conspired with other to possess with intent to distribute cocaine, a Schedule II controlled substance in violation of Title 21 U.S.C. §841(a)(1). The Grand Jury Further charges that the conspiracy charged herein involved five kilograms or more of a substance containing a detectable amount of cocaine, in violation of Title 21 U.S.C. §841(b)(1)(A)(ii), all in violation of Title 21 U.S.C. §846.

Count Two charges that on or about March 3, 1999, in Rhode Island and Massachusetts, Alberto Soto-Lara, possessed with intent to distribute, and did distribute, cocaine, a Schedule II controlled substance. The Grand Jury further charged that the offense involved 500 grams or more of a substance containing a detectable amount of cocaine, in violation of Title 21 U.S.C. 841(b)(1)(B)(ii) all in violation of Title 21 U.S.C. §841(a)(1) and Title 18 U.S.C. §2.

Alberto Soto-lara appeared before Chief Judge William G. Yong and pled guilty to count 1 of the indictment in so much count 1 does not reflect quantity. The defendant was remanded to the custody of the U.S. Marshal until further order of the Court.

## PLEA AGREEMENT

On August 17, 2001, the Petitioner appeared with counsel before the Honorable William G. Young, in the United States District Court, District of Massachusetts, and, pursuant to a plea agreement with the government, entered a guilty plea as to the conspiracy charged in Count One of the indictment. This plea agreement was accepted by this Honorable Court according to Rules of Criminal Procedure Rule 11.

The plea agreement states in relevant part:

> "The U.S. Attorney takes the position that defendant is an organizer and leader, and consequentely a two level upward adjustment is appropriate pursuant to U.S.C.G. §3B1.1(c). Id. at pg. No. 2. Exhibit B.

## SENTENCING HEARING

The Court found that a role enhancement of 4 level was proper because Soto-Lara was the leader or organizer of five or more participants. The government did not take any adversary position to the Court finding. Rather, the government supported the Court finding opposing the defense lawyer argument against the enhancement.

> "I don't think that. I think that there are indisputably actually six participants in the organization."

Prosecutor Statement at the Sentencing hearing. Id pag. No.22.

The Petitioner contends here that by enhancing his sentence with a four level based in Petitioner's leadership role in the offense and without the government taking an adversary position to this Court decision, the government breached the signed plea agreement and the defense lawyer was ineffective by failing to raise the appropriate objection.

4

INDICTMENT No. CR. No. 00-0031

The indictment charged the defendant in Count I with conspiracy to possess with intent to distribute cocaine, 21 U.S.C. §841 (a)(1) and §846, and in Count II defendant attempted to possess with intent to distribute cocaine, 21 U.S.C. §841(a)(1) and §846.

The offenses charged in this indictment are limited to the time period between 1997 and 2000 and substantially mirror the conduct which formed the basis of the Indictment No. 10385(WGY).

## MULTIPLICITY OF THE INDICTMENT

As is illustrated in both indictments, (1:00-10385-WGY; and No. Cr. 00.003L) the offenses charged were part of the same general course of criminal conduct. Involving cocaine sales in Massachusetts and the District of Rhode Island.

The United States Probation Officer, also noted in the PSIR, that both indictment charges offenses corresponding to the same general course of criminal conduct involving cocaine sales in Rhode Island and Massachusetts. PSIR Pg. 7 ¶ 21; Pg. 1. ¶B.

Also, the defense attorney, without elaborating any argument, states in the Petitioner's brief in the Court of Appeals, that the offenses charged in both indictments belong to the same general course of criminal conduct.

> "When he was indicted in October, 2000, the defendant was already serving a 87 month sentence imposed by the the United States District Court in Rhode Island in September, 2000, as part of the same general course of criminal conduct involving cocaine sales in Massachusetts and Rhode Island. Petitioner Appeals Brief at Pg. 3.

5

Both indictment inequivocally states the period of time that cover the offenses charged. Indicating that those offenses were comitted as part of the same course of criminal conduct in Massachusetts and Rhode Island. This action render the second indictment void based in the multiplicity of the indictment in violation of the Double Jeopardy Clause.

## SUMMARY ARGUMENT

A. The Petitioner complains that the government breached the guilty plea agreement by failing to recommend a departure of two level based on the Petitioner role in the offense; and the defense lawyer was ineffective because he did not advance a legal argument indicating the government's breach of the plea agreement. Exhibit A.

B. The Petitioner complains that he was improperly convicted under two separate indictment (1:00-10385-001-WGY; No. Cr. 00.003L) for conspiracy to possess with intent to distribute cocaine, because both indictments contains offenses of the general course of criminal conduct involving cocaine sales in Rhode Island and Massachusetts. PSI pg. 7. Petitioner asserts that his conviction violate the Double Jeopardy Clause because each indictment charged him with violation of the same offense, and the offenses charged in the indictments are limited to the same period of time between 1997 and 2000.

## APPLICATION OF THE LAW
## INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment provides the Petitioner with the right to effective assistance of counsel. Evitts v. Lucey, 469 U.S. 387 (1984). To suceed in his claim of ineffective assistance of counsel the Petitioner must satisfy the two prong standard test announced in Strickland v. Washington, 466 U.S. 668, 687 (1984). The Petitioner must demonstrate both that his counsel's conduct was deficient and that the deficiency prejudiced the result of his proceedings.

The Petitioner is mindful that counsel are not required to raise every conceivable argument. Evitts, 469 U.S. at 394. However, when counsel fails to present "significant and obvious issue while pursuing substantially weaker ones, his conduct may constitute ineffective assistance of counsel."

The circumstances of the instant case fall squarely within the framework delineated in Evitts. Had Counsel adequately set forth a legal argument against the breach of the agreement by the United States Attorney Office; and if the Counsel had raised the Double Jeopardy Clause violation, either in the District Court or the Court of Apppeals, there is a reasonable probability that the second indictment against Petitioner would be dismissed base on the Double Jeopardy Clause violation. Thereby, eliminating the collateral consequences of the second conviction, or, eliminating the extra 2 level enhancement imposed by the Court based on a leadership role.

Given the background of this case, it is difficult to imagine what tactical advantage or cost could justify counsel's decision not to set forth an adequate legal argument or raise the issue on appeal.

8

Considering the likely success of Petitioner's claim, it is clear that counsel was ineffective and Petitioner was prejudiced. Both the performance and prejudice components of any inquiry into an ineffective assistance of counsel claim are mixed question of law and fact and are entitled to de novo review. <u>Strickland</u>, 466 U.S. 668, 698 (1984).

## APPLICATION OF THE LAW

### ARGUMENT NO. 1

QUESTION PRESENTED

Here, the Petitioner submits the question of whether the defense counsel was ineffective for not noting to the court the fact that the government breached the plea agreement by seeking a upward departure of 4 levels base on the petitioner role in the offense, when a 2 levels increase was agreed in the plea agreement.

### DISCUSSION

Rule of Criminal Procedure Rule 11 (e)(1) states in relevant part:

> The attorney for the government and the attorney for the defendant - or the defendant when acting pro se - may agree that, upon the defendant's entering a plea guilty or nolo contendere to a charged offense, or to a lesser or related offense, the attorney for the government will:
>
> (a) move to dismiss other charges; or (B) recommend, or agree not to oppose the defendant's request for a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor is not applicable to the case. Any such recommendation or request is not binding on the court; or (C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement or sentencing factor is or is not applicable to the case. Such a plea agreement is binding on the court once it is accepted by the court.
>
> The court shall not participate in any discussions between the parties concerning any such plea agreement.

Section (e) (3) (Acceptance of a Plea Agreement) states in relevant part:

"If the court accepts the plea agreement, the court shall, inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement."

10

The Supreme Court had held in Rudolph Santobello v. New York, 404 US 257, 30 L Ed 2d 427, 92 S Ct 495 (1971) that "when a guilty plea rested in significant degree on a promise of the prosecutor, so that it could be said to be part of the inducemet, such promise must be fulfilled."

Justice Douglas, concurring with this opinion, expressed the view that "when a 'plea bargain' was not kept by the prosecutor, the sentence must be vacated and the state court should decide in light of the circumstance of each case whether due process required (1) that there be specific performance of the plea bargain, or (2) that the defendant be given the option to go to trial on the original charges, the defendant's preference to be given considerable, if not controlling, weight in choosing the appropriate remedy."

The First Circuit consistently has accepted the Supreme Court position related to the breach of agreement by the government and consistentely has held that a prosecutor's promise, accepted by a defendant in consideration of a plea agreement must be always honored. See United States v. Flemmi, 225 F. 3d 78 (1st Cir. 2000)

Where the government breaches its promise to make not sentencing recommendation, not to recommend a specific sentence, or by supporting a higher sentence than agreed to in the plea agreement, the sentence will be reversed. See United States v. Velez, 77 F.3d 11 (1st Cir. 1996).

A sentence will be reversed where the district court fails to impose the bargained - for sentence under Rule 11 (e)(1)(C). See United States v. Gilchrist, 130 F.3d 1131 (3d Cir. 1997).

In a recent decision in United States v. Goncy, 1st Cir., No. 02-2399, 2/2/04, the First Circuit found a prosecutor breach of agreement when the prosecutor emphasized the defendant's leadership role and other facts that pointed toward a higher sentence.

In United States v. Canada, 960 F. 2d 263 (1st Cir. 1992), the First Circuit held that the government breached a plea agreement when the prosecutor did not affirmatively recommend the agreed upon sentence, and where her comments "seemed to undercut such a recommendation." While the court in the case found the prosecutor's comments stopped short of expressy repudiating the agreement, it held that the Supreme Court's decision in Santobello v. New York, Supra, prohibits such "end-runs" around an agreement.

In the instant case, the government breached the plea agreement because did not affirmatively recommended the agreed upon sentence.

> "The U.S. Attorney takes the position that defendant is an organizer and leader, and consequently a two level upward adjustment is appropriate pursuant to U.S.S.G. § 3B1.1 (c).

July 26, 2001 Plea Agreement Id at pg. No.2.

Rather than bringing to the Court attention the agreed upon sentence, the government took an adversary position in regard to the Petitioner's position related to the leadership role in the charged offense. And, the defense lawyer did not raised the appropriate objection, allowing the Court to enhance the Petitioner's sentence in four level instead of two level as agreed in the guilty plea agreement.

12

## APPLICATION OF THE LAW
### ARGUMENT No. 2

Based on a single conspiracy to to possess with intent to distribute cocaine and possession of cocaine with intent to distribute, distribution and aiding and abetting in the District of Rhode Island and Massachusetts from at least in or about January 1997, and continuing thereafter until in or about October 2000, the Petitioner was convicted under two separate indictments for violation of Title 21 U.S.C. §841(a)(1); Title 21 U.S.C. §841(b)(1)(A)(ii); Title 21 U.S.C. §846.

Petitioner asserts that his conviction violate Double Jeopardy Clause because each indictment charged him with offenses that were part of the same general course of criminal conduct involving cocaine sales in Massachusetts and Rhode Island. PSI pg. 7. In other words, the indictments are multiplicitous because they are based on the same conduct.

Petitioner acknowledges that by pleading guilty, he admitted the facts alleged in each indictment and essentially waived all constitutional claims that might have precluded the prosecution from establishing factual guilt had the case gone to trial. McMamm v. Richardson, 397 U.S. 759 (1970). However, he notes that his plea did not waive those claims that "stand in the way of conviction, [even] if factual guilt is validly established." Menna v. New York, 423 U.S. 61, 63, N. 2 (1975). Petitioner's instant claim of Double Jeopardy falls into this category.

The Double Jeopardy Clause provides that no person [shall] be subject for the same offense to be twice put in jeopardy of life or limb. U.S. Const. Ammend. V. This protection applies not only to successive prosecution, but also to successive punishments for the same offense. United States v. Dixon, 509 U.S. 688, 696 (1993).

In Blockberger v. United States, 284 U.S. 299, 304 (1932) The Supreme Court held that a "person may be prosecuted for more than one crime based on the same conduct (1) if each crime requiers proff of a fact that the other does not or (2) if Congress has clearly expressed its intent to impose cumulative punishment for the same conduct under different statutory provisions.

Applying the Blockbuster analysis, the Petitioner's second indictment was instituted in violation of the law. Indictment No. 00-10385-WGY, charged the Petitioner with violation of Title 841 § (a)(1); Title 21 §846; Title 21 § 841(b)(1)(A)(ii) and the Indictment No. 00-003L charged the Petitioner with violation of Title 21 U.S.C. §841(a)(1) and §846. Both offenses corresponding to the same course of criminal conduct comitted in the same period of time in the District of Massachusetts and the District of Rhode Island. PSI pg. 2.

This Circuits has held that a indictment is multiplicitous and in violation of the Fifth Amendment's Double Jeopardy Clause if if charges a single offense in more than one count. United States v. Brandon, 17 F. 3d 409 (1st Cir. 1987) (quoting United States v. Serino, 835 F. 2d 924, 930 (1st Cir. 1987)

14

The central question, according to <u>United States v. Lilly</u>, 983 F. 2d 300 (1st Cir. 1992), for determining multiplicity is whether a jury could plausibly find that the actions described in the disputed counts of the indictment, objectively viewed, constituted separated [conspiracy]. ID at 303.

In <u>Lilly</u>, the court held an indictment charging a defendant with, inter alia, twenty-nine counts of bank fraud under 18 U.S.C. §1344 to be multiplicitous. Since the defendant defrauded a single scheme, albeit by submitting twenty-nine false mortgages to the lender in perpetrating that scheme, that portion of the indictment "was more confortable characterized as a single execution of a scheme rather than as 20-some-odd separate executions of a scheme." Id at 303.

The Petitioner here, asserts that he too was charged with committing a single offense, that is conspiracy to distribute and possession of cocaine in the District of Rhode Island and District of Massachusetts, in violation of 21 U.S.C. §846 and 21 U.S.C. §841 (a)(1), and prays this Court to set-aside the second indictment as being instituted in violation of Double Jeopardy Clause.

In <u>United States v. Dixon</u>, 509 U.S. 688, 696 (1993) the Supreme Court held that in both the multiple punishment and multiple prosecution contexts, this could has concluded that where the two offenses for wich the defendant is punished or tried cannot survive the "same elements" test, the Double Jeopardy bar applies.

15

Finally, the Petitioner asserts, as noted by the Supreme Court in <u>Ball v. United States</u>, 470 U.S. 856, 865 (1985), that there are "potential adverse collateral consequences arising from separate convictions that may not be ignored. For example, the presence of two conviction on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for future offense.

In Petitioner's case, the existence of a second indictment increase his sentence in two different way: First, the Honorable Judge sentenced the Petitioner to serve 168 month imprisonment based in the second indictment. And, second, the Petitioner criminal history category was incremented by I rendering a higher sentence.

Thus, the second conviction, even if it results in no longer sentence, which is not the case herewith, is an impermissible punishment. <u>Ball</u> at 865.

## CONCLUSION

For all of these reasons, the Petitioner prays that his Court finds that his counsel was ineffective for failing to set fort the appropriate argument based on the violation of the Double Jeopardy Clause, and based on the government's breach of agreement.

**THEREFORE,** the Petitioner prays that this Honorable Court grant his request and remand the case for the dismissal of the second indictment. Or, in the alternative remand the case to reduce the Petitioner base offense level in 2 level.

Respectfully submitted,

                                        ALBERTO SOTO-LARA
                                        Reg. No. 04801-070 A/B
                                        F.C.I. Elkton
                                        P.O. Box 10
                                        Lisbon, OH 44432

Dated:   March  6, 2004
Lisbon, Ohio

17

## CERTIFICATE OF SERVICE

I, Alberto Soto-Lara, Movant pro se, swears under the penalty of perjury pursuant to Title 28 U.S.C. §1746, that I have forwarded the original and 3 copies of Movant's petition under Title 28 U.S.C. §2255 to the Clerk of the Court, with an additional copy forwarded to the opposing party. Each was forwarded to the follwing address, respectively:

MAILED TO:

Clerk of the Court
United States District Court
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

Hiedi E. Breiger
United States Attorney Office
District of Massachusetts
1 Courthouse Way
Boston, MA 02210

ALBERTO SOTO-LARA
Reg. No. 04801-070 A/B
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44432

Dated: March 6, 2004

1

Exhibit A

1      MR. GILLESPIE: But you reject it.

2      THE COURT: I have rejected it and your rights are
3  saved.

4      MR. GILLESPIE: Very good.

5      Finally, you find that the role enhancement is
6  proper because you say that Mr. Soto-Lara was the leader or
7  organizer of five or more participants.

8      THE COURT: Correct.

9      MR. GILLESPIE: But you only identified four,
10 including the defendant himself.

11     MS. BRIEGER: If I may help out on that. The
12 Court --

13     THE COURT: You may be heard. We'll -- but what
14 do you say to that?

15     MS. BRIEGER: I don't think that. I think that
16 there are indisputably actually six participants in the
17 organization. One being Soto-Lara, one being Junior
18 Carmona, one being Garcia-Castro, one being Apolinar Lopez,
19 one being Ramone, and one being Ganaliel Pena who is a
20 co-defendant in this case who was sent to deliver the
21 cocaine to Christine St. Jacques. He's currently a
22 fugitive but clearly was working in this organization.

23     So, there are at least six participants that have
24 been named in the evidence.

25     THE COURT: Well, you do help out, Ms. Brieger,

Exhibit B

pleading guilty.

3. <u>Sentencing Guidelines</u>

The parties will take the following positions at sentencing under the United States Sentencing Guidelines:

**Base Offense Level:**

The U.S. Attorney takes the position that at least 5 and not more than 15 kilograms of cocaine are attributable to Defendant pursuant to U.S.S.G. § 2D1.1.

**Role In The Offense:**

The U.S. Attorney takes the position that Defendant is an organizer and leader, and consequently a two level upward adjustment is appropriate pursuant to U.S.S.G. § 3B1.1(c).

**Criminal History Category:**

The parties take no position at this time with respect to Defendant's Criminal History Category pursuant to U.S.S.G. § 4A1.1.

**Acceptance of Responsibility:**

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offense of conviction;

2