```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
                                      )
ALBERTO SOTO-LARA,                    )
                                      )
            Petitioner,               )
                                      )
      v.                              ) Civil Action
                                      ) No. 04-10498-WGY
UNITED STATES OF AMERICA,             )
                                      )
                                      )
            Respondent.               )
```

**GOVERNMENT'S OPPOSITION TO ALBERTO SOTO-LARA'S
PETITION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

The United States of America, by its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Assistant U.S. Attorney Heidi E. Brieger, hereby opposes petitioner Alberto Soto-Lara's ("Soto-Lara") petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (the "Petition"). As set forth in more detail below, this Court should deny the Petition because Soto-Lara has not made out a claim for ineffective assistance of counsel.

**Pertinent Background**

*The Plea Agreement and Plea Hearing.* Soto-Lara made an initial appearance on December 8, 2000. Raymond Gillespie, Esq., was appointed to represent Soto-Lara on December 11, 2000. Mr. Gillespie represented Soto-Lara at all times from his arrest through his sentencing on February 27, 2002.

On August 17, 2001, Soto-Lara pleaded guilty to conspiring to distribute cocaine from approximately January 1997 to October

2000, in violation of Title 21, United States Code, Section 846. (A copy of the Rule 11 Hearing transcript is attached hereto as Exhibit 1.)  The plea agreement was not binding on the Court or the United States Probation Office (an unsigned copy is attached hereto as Exhibit 2).  It contained a provision in Paragraph 3 that the U.S. Attorney "takes the position that Defendant is an organizer and leader, and consequently a two level upward adjustment is appropriate pursuant to U.S.S.G. § 3B1.1(c)."  The United States Probation Office, in ¶ 62 of the PSR, found that Soto-Lara was a leader or organizer of a cocaine distribution organization that involved five or more participants.  Accordingly, the PSR recommended in ¶ 62 that Soto-Lara's base offense level be increased by four levels pursuant to U.S.S.G. § 3B1.1(a).

During the course of the plea hearing this Court enquired of Soto-Lara whether he was satisfied with his legal counsel, and whether counsel had adequately reviewed the plea agreement with him:

> The Court: Have you had enough time to talk this all over with Mr. Gillespie?
>
> Soto-Lara: Yes.
>
> The Court: Have you, again what he says to you and what you say to him is private, but have you listened to his recommendations here?  Have you thought about them?
>
> Soto-Lara: Yes.
>
> The Court: Do you think he's been a good lawyer for you?

>Soto-Lara: Yes, sir.
>
>The Court: Do you think he's gotten for you those things which a good lawyer can get for a client?  Do you think he's protected your rights as a person accused of a crime?
>
>Soto-Lara: Yes, sir.
>
>The Court: Are you satisfied with his representation?
>
>Soto-Lara: Yes.
>
>The Court: Do you think that he's been a good lawyer?
>
>Soto-Lara: Yes.

Rule 11 Transcript, p. 20.

***The Sentencing Hearing.***  This Court held a two-day sentencing hearing on February 26 - 27, 2002.  (Copies of the Sentencing Hearing Transcripts for 2/26/02 and 2/27/02 are attached hereto as Ex. 3).  During the course of the hearing, the Court enquired of Soto-Lara whether he had reviewed and understood the presentence report in his case, and whether he had discussed it with his counsel.  2/26/02 Transcript, p. 4.  Soto-Lara indicated that he had read it, understood it, and had discussed it with his counsel.  2/26/02 Transcript, p. 4.

At the conclusion of lengthy argument by counsel, and a recess of one day enabling the Court and parties to review further sentencing information, this Court concluded that, pursuant to U.S.S.G. § 2D1.1, Soto-Lara was responsible for between five and fifteen kilograms of cocaine.  2/27/02 Sentencing Transcript, p. 19.  With respect to Soto-Lara's role in the offense, the Court made the following findings:

> Likewise, I do find by a fair preponderance of the evidence that Mr. Soto-Lara is a leader or organizer of a cocaine distribution organization that involved five or more participants. And they include himself, Lopez-Fernandez, Garcia-Castro, and Ramone.

2/27/02 Transcript, p. 20.

The Court therefore increased Soto-Lara's base offense level by four levels. Soto-Lara's counsel questioned the Court's findings:

> Mr. Gillespie: Finally, you find that the role enhancement is proper because you say that Mr. Soto-Lara was the leader or organizer of five or more participants.
>
> The Court: Correct.
>
> Mr. Gillespie: But you only identified four, including the defendant himself.
>
> Ms. Brieger: If I may help out on that. The Court ...
>
> The Court: You may be heard. We'll -- but what do you have to say to that?
>
> Ms. Brieger: ... I think that there are indisputably actually six participants in the organization. One being Soto-Lara, one being Junior Carmona, one being Garcia-Castro, one being Apolinar Lopez, and one being Ramone, and one being Ganaliel Pena ... .
>
> The Court: Well, you do help out, Ms. Brieger, and Mr. Gillespie is entitled to press me so he has an adequate record. I simply overlooked Carmona. So, I do find as to Carmona. ... There's five but that includes Soto-Lara and it includes Carmona.

2/27/02 Sentencing Transcript, pp. 23 - 24.

Soto-Lara's counsel objected to the finding, and the Court noted that "your rights are saved." 2/27/02 Sentencing Transcript, p. 22.

Soto-Lara's adjusted offense level accordingly was 33, with

a Criminal History Category of III, which placed him in a GSR of 144 - 210 months.  2/27/02 Transcript, p. 20.  The Court sentenced Soto-Lara to a 168-month term of incarceration, followed by a 36-month term of supervised release.  2/27/02 Transcript, p. 27.

***Soto-Lara's Appeal.***  Soto-Lara appealed this sentence, claiming that this Court erred in determining that he was a leader or organizer of a criminal activity that involved five or more participants pursuant to the U.S.S.G. Section 3B1.1(a).  The Court of Appeals summarily affirmed this Court's sentence on March 17, 2003, finding sufficient evidence of his role in the offense, and no clear error in the sentence.  <u>United States v. Soto-Lara</u>, 60 Fed. Apex. 834 (1st Cir. 2003).

***The Instant Petition.***  In this Petition, Soto-Lara alleges that he was deprived of the effective assistance of counsel because his counsel failed to raise and argue two issues: first, that the government breached its plea agreement at the sentencing hearing by naming the six members of the organization; petition, p. 10; and second, that his conviction violated the double jeopardy clause because, even though he admitted to the charges, the indictment alleged criminal conduct that was part of a cocaine conspiracy for which he had previously been convicted.  Petition, p. 13.

A review of the allegations and the attached transcripts demonstrates that Soto-Lara's counsel provided him with skilled

and effective advocacy at all times, and that Soto-Lara's claims are substantively meritless and are unsupported by the record. In short, they fail to add up to ineffective assistance of counsel in violation of the Sixth Amendment and related case law.

## Argument

### *Petitioner's Defense Counsel Was Effective At All Times During The Course of His Representation.*

A conviction may be set aside based upon a valid claim of ineffective assistance of counsel if two things are true: (a) considering all the circumstances, counsel's performance fell below an objective standard of reasonableness, and (b) there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Strickland test imposes "highly deferential" judicial scrutiny of counsel's performance and "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Both parts of this two-part "performance *and* prejudice" test must be satisfied before a conviction is set aside for ineffective assistance of counsel. Strickland, 466 U.S. at 697. If a defendant fails to prove one part of the test, the court need not evaluate the other. Id.

In evaluating a convicted defendant's claim of ineffective assistance of counsel, the court must:

> judge the reasonableness of counsel's challenged

> conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Id. at 690.

Here, Soto-Lara cannot prevail on his claim because there is no evidence that his counsel failed at, or otherwise refused to carry out, his professional obligations to Soto-Lara, nor is there evidence that, absent his counsel's alleged errors, Soto-Lara's sentence would have been different.

As is set out below, there was an inadequate legal basis for Soto-Lara's counsel to allege either that the government violated its plea agreement, or that his indictment violated the Double Jeopardy Clause. Accordingly, counsel's failure to make such arguments under the circumstances of this case hardly indicate that his decisions were outside the exercise of reasonable professional judgment rendering his counsel ineffective. See Strickland, 466 U.S. at 687.

***The Government Complied With Its Obligations Under The Parties' Plea Agreement.***

With respect to the issue of Soto-Lara's role in the offense

adjustment, the government's took the position in the plea agreement that a two-level adjustment for role in the offense was appropriate. In the plea agreement, Soto-Lara did not join the government in that position, thereby reserving the right to dispute it`1. The United States Probation Office recommended to the Court that a four-level adjustment was appropriate.

The gist of Soto-Lara's claim is that, during the sentencing hearing, and presumably later on appeal, his counsel was ineffective because he failed to allege that the government breached its plea agreement by providing to the Court factual information concerning the identities of individuals involved in the offense of conviction.

The government's solemn duty to uphold its plea agreement is not a principle that operates in a vacuum. A minor deviation from a plea agreement will not void a bargain. United States v. Riggs, 287 F.3d 221, 225 (1st Cir. 2002); United States v. Clark, 55 F.3d 9, 13, n. 3 (1st Cir. 1995). This Court has identified as a minor deviation the diversion from a term that did not induce the plea, Clark, 55 F.3d at 13, n.3, or the failure to present information to the court that is required to be produced but of which the court is already aware. Riggs, 287 F.3d at 225.

Moreover, the government's duty to uphold its plea agreements must be balanced against other obligations. Thus, the obligation does not preclude the government from providing all relevant information to the district court, even when that

information will result in the imposition of an enhancement the government agreed to oppose. United States v. Saxena, 229 F.3d 1, 6 (1st Cir. 2002). Likewise, the government may answer legal or factual questions posed by the district court that may be relevant to an agreed term. Clark, 55 F.3d at 13 (distinguishing government's actions in that case from situation where the government answers factual or legal questions posed by the court); United States v. Mailing, 988 F.2d 242, 246 (1st Cir. 1993)(government could respond to court's request to help it determine proper amount of fine it independently had decided to impose, although government had agreed not to recommend a fine).

Here, at the sentencing hearing, Soto-Lara's counsel effectively, albeit unsuccessfully, pressed Soto-Lara's position with respect to his role in the offense. Unsuccessful advocacy does not equal ineffective assistance within the meaning the Sixth Amendment and related case law. The teachings of Strickland include the presumption that Soto-Lara's counsel knew the circumstances likely to support a successful claim that the government breached its plea agreement, 466 U.S. at 689, and determined that such circumstances were absent in this case.

Soto-Lara got the benefit of his bargain here. The parties had not agreed about the weight of cocaine attributable to Soto-Lara, nor had the parties agreed as to role in the offense. Nor was there evidence, for example, that the prosecutor paid "lip service" to an agreed-upon sentence recommendation, but then

substantively argued for a lengthier term of incarceration.[1] United States v. Gonczy, 357 F.3d 50, 54 (1st Cir. 2004). Similarly, there is no evidence that the prosecutor failed affirmatively to recommend a sentence that was promised in the plea agreement. United States v. Canada, 960 F.2d 263 (1st Cir. 1992). Here, the government did not advocate for a four-level role in the offense adjustment; the prosecutor answered the Court's request for factual clarification about the names of the individuals that the Court considered part of the cocaine organization.

In the circumstances of this lengthy sentencing hearing, which focused primarily on the government's unsuccessful position with respect to the weight of cocaine attributable to Soto-Lara, his counsel zealously argued Soto-Lara's case, and scrupulously protected the record by objecting to the rulings he lost. The fact that he chose not to make an erroneous claim that the government breached its plea agreement is not evidence that his performance fell below the norms of the profession, or that it resulted in a fundamentally unfair outcome of the proceeding. Strickland, 466 U.S. at 687.

***Soto-Lara's Counsel Was Not Ineffective For Failing To Argue That Indictment Violated The Double Jeopardy Clause Because Soto-Lara's Two Guilty Pleas Foreclosed Such A Claim.***

Soto-Lara's second ineffective assistance of counsel claim

---

[1] Here the government had taken no position in the plea agreement with respect to its ultimate sentencing recommendation.

arises from counsel's alleged failure to move to dismiss the indictment on the ground that the conspiracy charge in Count One violated the Double Jeopardy clause. Petition, p. 13. Soto-Lara was indicted in a separate case in the District of Rhode Island, which involved different conspirators and different crimes. PSR ¶ 15. Soto-Lara pled guilty to that Rhode Island indictment on September 13, 2000. PSR ¶ 71.

Having pled guilty to the charges contained in the Rhode Island indictment, as well as to the charges contained in the instant indictment, Soto-Lara has waived his right to assert that such charges violated the Double Jeopardy Clause. United States v. Broce, 488 U.S. 563- 575-76 (1989)(defendant waived double jeopardy challenge by admitting to two distinct crimes of conspiracy in guilty plea); United States v. Grant, 114 F.3d 323, 329 (1st Cir. 1997)(defendant waived double jeopardy challenge by pleading guilty to two separate offenses thus admitting factual predicates underlying separate counts of each offense).

For the reasons set out above, Soto-Lara's counsel failure to file such a motion is not evidence of deficient performance within the meaning of the Sixth Amendment and Strickland. Accordingly, the government respectfully requests this Court to

dismiss the Petition in its entirety, without the necessity of a hearing.

          Respectfully submitted,

          MICHAEL J. SULLIVAN
          United States Attorney

By:  */s/ Heidi E. Brieger*
     HEIDI E. BRIEGER
     Assistant U.S. Attorney

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon Petitioner Alberto Soto-Lara, FCI Elkton, Unit A/B, P.O. Box 10, Lisbon, Ohio, 44432, a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery.

This 7th day of June, 2004.

          */s/ Heidi E. Brieger*
          HEIDI E. BRIEGER
          Assistant U.S. Attorney