UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN 28 P 1: 43

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Respondent ) | Criminal Action No. |
| ) | 00-10385-(WGY) |
| Against ) | |
| ) | Appeals Court No. |
| ) | 02-1271 |
| ALBERTO SOTO-LARA ) | |
| Petitioner ) | |
| ) | |

Come now, Alberto Soto-Lara, the Petitioner, acting Pro - Se
in the above encaptioned matter, respectfully moves this Honorable
Court to grant issue thereof Motion Pursuant to Title 28 U.S.C. §
2255. Petitioner's motion is based on his Sixth Amendment Right's
violation due to his defense counsel lack of efficiency since (1)
the breach of agreement by the government was not noted by the
defense counsel either in the District Court or the Court of Appeals;
(2) defense counsel failure to advance an adequated legal argument
based on the fact that a second indictment was issued charging the
Petitioner with a violation of 21 U.S.C. §846 in violation of the
double jeopardy clause.

For the reasons to be set forth herewith, Petitioner prays that
his motion is granted.

## ARGUMENT

The Government has filed a response to Petitioner's Motion pursuant to Title 28 U.S.C. § 2255. The Government in its response attacks the conclusion of Soto-Lara that his defense counsel was ineffective by failing to argue the "breach of plea agreement" by the Government, and by failing to argue that Petitioner's indictments were multiplicitous in violation of the double jeopardy clause. See Petitioner's Motion at Pag. No. 1.

In an attempt to persuade the court not to grant Soto-Lara's petition, the Government is arguing that Broce was directly on point. United States v. Broce, 488 U.S. 563-575-76 (1989). This Government's argument and reliance on that particular authority contains the seeds of its own destruction.

In Broce, the United States Supreme Court held that defendant's double jeopardy challenge was foreclosed by the guilty pleas and the judgments of conviction on the pleas, where the defendants neither alleged that their counsel was ineffective nor called into question the voluntary and intelligent character of the pleas. The Supreme Court also states that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collacterally attacked... and that the plea cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts.

In Broce, essentially, the Court denied Broce's request because defendant could not prove their double jeopardy claim without introducing new evidence into the record and the defendant have not

called into question the voluntary and intelligent character of their pleas and neither alleged that their defense counsel was ineffective.  **See United States v. Broce, Id At 929.**

The instant case is different from <u>Broce</u> in several ways:

First, Soto-Lara specificly raised a ineffective assistance of counsel claim because his counsel failure to argue that the indictments were multiplicitous in violation of the double jeopardy clause.

Second, there is not need for introducing new evidence into the record.  The United States Probation officer noted in the PSIR, that both indictments charges offenses corresponding to the same general course of criminal conduct involving cocaine sales in Rhode Island and Massachusetts.  PSIR Pg. 1 ¶B; Pg. 7 ¶ 21.

Also, the defense attorney without elaborating any argument, stated in the Petitioner's brief in the Court of Appeals, that the offenses charged in both indictments belong to the same general course of criminal conduct.  **Petitioner Appeals Brief at Pg. No. 3.**

In addition, both indictment inequivocally states the period of time that cover the offenses charged.  Indicating that those offenses were comitted as part of the same course of criminal conduct in Massachusetts  and Rhode Isalnd.

Third, Federal Rules of Criminal procedure, Rule 11(c)(1), specificly states that a defendant should be instructed in open court on the nature of the charges to which the plea is offered, and the defendant lack of knowledge of the law in relation to the facts render the plea involuntary.  **See Maccarty v. United States, 459, 466, 22Led 2nd 418, 89 S Ct. 1166 (1969).** In the instant case the defendant did not possessed an understanding of the law in relation to the facts

and his defense counsel provided no advise to the defendant in relation to the double jeopardy claim.  The United States Supreme Court in <u>Broce</u> held:

> "A failure by counsel to provide advise may form the basis of a claim of Ineffective Assistance of counsel, but absent such a claim it cannot serve as the predicate for setting aside a valid guilty plea."

In Soto-Lara's case, his defense counsel did not advise Soto-Lara about his double jeopardy clause violation, and this failure render the plea involuntary and/or raise the question of whether the plea was voluntary and intelligent.

The facts are cristal-clear in Soto-Lara's case.  The United States Probation Officer conceded that both indictments correspond to the same general course of criminal conduct;  the defense counsel without elaborating any defense, also brought to the Court's attention the fact that both indictments correspond to the same general course of criminal conduct; and both indictments inequivocally state the period of time indicating that both indictments correspond to the same general course of criminal conduct.

Finally, the Government is also using <u>Grant</u> authority to support its contention.  <u>United States v. Grant</u>, 114 F. 3d 330 (1rst. Circ. 1997).  In Grant, the Government claims that Grant waived any challenge to the indictment on Double Jeopardy grounds by his agreement and uncondictional plea of guilty to all four counts in the indictment.

It argues in the alternative that if Grant is permitted to pursue
a Double Jeopardy challenge to his sentence, to prevail he must
establish that the felon-in-possession charges in the indictment
were facially multiplicitous.  The Court rejected the government's
initial argument based in caselaw which establish that a defendant
may under certain circumstances mount a Double Jeopardy challenge to
a sentence arising out of a conviction to which he pled guilty. See
**United States v. Broce, 488 U.S. 563, 576, 109 S. Ct. 757, 766, 102
L. Ed. 2d 927 (1989).**  The Court found the government alternative
argument correct and held that <u>Grand</u> must show that the indictment
was facially multiplicitous to prevail on his Double Jeopardy challenge.

Soto-Lara's case is different from <u>Grant</u>.  The record support
the facts that  Soto-Lara's indictments are multiplicitous. See
PSIR at Pg. 7 ¶ 21; Pg. 1 ¶B. Petitioner's Appeals Brief at Pg. 3.

### The Government did not complied with its Obligation Under The Parties' Plea Agreement

With respect to the issue of Soto-Lara's role in the offense
adjustment, the government took the position in the plea agreement
that a two-level adjustment for role in the offense was appropriate.
However, at the sentencing hearing the Government did advocate for
a  four-level role in the offense adjusment.  In this respect the
Government argues that they answered the Court's request for factual
clarification about the names of the individuals that the Court
considered part of the cocaine organization.  But the record states
different.  The Government spontaneously supported the Court finding.

in that way, advocating for a four-level adjustment for role in the offense adjustment.

> Ms. Brieger:  If I may help out on that.  The Court ...
>
> The Court:  You may be heard.  We'll--but what do you have to say to that?
>
> Ms. Brieger:... I think that there are indisputably actually six participants in the organization.  One being Soto-Lara, one being Junior Carmona, one being Garcia-Castro, one being Apolinar Lopez, and one being Ramone, and one being Ganaliel Pena...
>
> The Court:  Well, you do help out, Ms. Brieger, and Mr. Gillespie is entitled to press me so he has an adequate record. I simply overlooked Carmona.  So, I do find as to Carmona. ... There's five but that includes Soto-Lara and it includes Carmona.

**Sentencing Transcript, pp. 23 - 24.**

This spontaneous support constituted a breach of the plea agreement.  The law is cristal-clear in this regard.  **See United v. Goncy, 1st Cir., No. 02-2399, 2/2/04.**  In this case the First Circuit found a prosecutor breach of agreement when the prosecutor emphasized the defendant's leadership role and other facts that pointed toward a higher sentence.  See U nited States v. Canada, **960 F. 2d 263 (1st Cir. 1992),**  In this case the First Circuit held that the government breached a plea agreement when the **prosecutor did not affirmatively recommend the agreed upon sentence and where her comments "seemed to undercut such a recommendation."**

While the court in the case found the prosecutor's comments stopped short of expressy repudiating the agreement, it held that the Supreme Court's decision in Santobello v. New York, 404 U.S. 257, 30 L Ed 2d 427, prohibits such "end-runs" around a agreement.

In Soto-Lara's case, the government breached the plea agreement because did not affirmatively recommended the agreed upon sentence.

> "The U.S. Attorney takes the position that defendant
> is an organizer and leader, and consequently a two
> level upward adjustment is appropriate pursuant to
> U.S.S.G. § 3B1.1 (c).

July 26, 2001 Plea Agreement Id at Pg. No.2.

Rather than bringing to the Court attention the agreed upon sentence, the government took an adversary position in regard to the Petitioner's position related to t he leadership role in the charged offense.  And, the defense lawyer did not raised the appropriate objection, allowing the Court to enhance the Petitioner sentence in four level instead of two level as agreed in the guilty plea agreement.

## CONCLUSION

For all of these reasons, the Petitioner prays that his motion is granted based on his counsel being ineffective for failing to set fort the appropriate argument based on the violation of the Double Jeopardy Clause, and based on the Government's breach of agreement.

THEREFORE, The Petitioner prays that this Honorable Court grant his request and remand the case for the dismissal of the second indictment. Or, in the alternative remand the case to

Petitioner base offense level in 2 level.

Respectfully submitted,

ALBERTO-SOTO-LARA
Reg. No. 04801-070 A/B
F.C.I. Elkton
P.O. Box 10
Lisbon, OH  44432

Dated:  June 25, 2004
Lisbon, Ohio

## CERTIFICATE OF SERVICE

I, Alberto Soto-Lara, the Petitioner, acting pro-se, hereby swear under the penalty of perjury that I have forwarded to the Clerk of the Court the original and three copies (3) of Petitioner's response to the government brief in response to Petitioner's Motion pursuant to Title 28 U.S.C. § 2255. Also one copy is being forwarded to the opposing party. Each being send to the following addresses and deposited on June 25, 2004 in the legal mail box at F.C.I. Elkton.

Mailed to:    Clerk of the Court
              United States District Court
              For the District of Massachusetts
              I Courhouse Way, Suite 2300
              Boston, MA 02109

              United States Attorney's Office
              District of Massachusetts
              United States Courthouse
              Suite 9200
              I Courthouse Way
              Boston, MA 02210

Attention:    Hedi Brieger
              AUSA

ALBERTO SOTO LARA
Reg. No. 04801-070 A/B
F.C.I. Elkton
P.O. Box 10
Lisbon, OH 44432

Dated:  June 25, 2004
Lisbon, Ohio