IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
2005 MAY 23 P 3: 20
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>        Respondent )<br>)<br>Against )<br>)<br>)<br>ALBERTO SOTO-LARA )<br>        Petitioner ) | Case No. 04-10498 (WGY)<br>Re: Court Order Dated May 3, 2005 |

PETITION MOTION FOR RECONSIDERATION OF THE COURT ORDER
DATED MAY 3, 2005 BASED ON TITLE 28 U.S.C. § 2255.  AND IN THE
ALTERNATIVE, PETITIONER IS REQUESTING THE COURT TO ISSUE A
CERTIFICATE OF APPELLABILITY ("COA") BASED ON RULE 22(b)
(FIRST CIRCUIT LOCAL RULE 22.1)

Petitioner humbly requests this Honorable Court to reconsider its May 3, 2005 ORDER denying Petitioner's Motion under Title 28 U.S.C. § 2255. In the alternative, to grant a Certificate of Appellability (COA).

The reasons of the Petitioner's request are set forth in the attached memorandum of law.

1

## MEMORANDUM OF LAW

Alberto Soto-Lara submitted a Petition under Title 28 U.S.C. § 2255. Soto-Lara's Petition is based on a claim of ineffective assistant of counsel. In support of this claim, Soto-Lara asserts that his counsel improperly failed to raise and argue two issues: (1) that the government breached its plea agreement, and (2) that his conviction violated the double jeopardy clause.

As per the breach of agreement, Soto-Lara asserts that "Counsel was ineffective for failing to argue the breach of plea agreement by the government. Soto-Lara complains that his sentence was improperly enhanced with 4 level based in Petitioner's leadership role in the offense, because the plea agreement states that only a two level enhancement would be imposed if the Petitioner plea guilty of the charged offense. **See Motion at 1.**

As per the double jeopardy claim, Soto claims that his lawyer was ineffective for failing to advance an adequate legal argument based on the fact that a second indictment was issued charging the Petitioner with a violation of 21 U.S.C. § 846 in violation of the double jeopardy clause because Soto-Lara was previously indicted based on the same charges and based on conduct which were part of the same general course of criminal conduct, involving cocaine sales in Massachusetts and Rhode Island. **See Motion at 1.**

In a February 16, 2005 Supplemental Motion, Soto-Lara requested from the Court the inclusion of the newly Supreme Court decision in Booker and Fanfan, based on the fact that his brief address the Blakely, Booker and Fanfan's issue under other authorities. **See Supplemental Motion at 2.**

2

In response to soto-Lara's Motion, the government admitted that a two-level adjustment for role in the offense was the promised in the plea agreement. But, neverless asserts that Soto-Lara counsel failure to file a motion based on the breach of agreement is not indication of deficient performance within the meaning of the Sixth Amendment and <u>Strickland</u>. **See Government's Response at 6,7,8.**

As per the Double Jeopardy Claim, the government only argument was that Soto-Lara waived his right to assert that such charges violated the Double Jeopardy Clause. **See Government's Response at 10.**

In a reply brief, Soto-Lara pointed the authority enunciated in Federal Rules of Criminal Procedure, Rule 11(c)(1), where it specificly states that a defendant should be instructed in open court on the nature of the charges to which the plea is offered, and the defendant lack of knowledge of the law in relation to the facts render the plea involuntary. Soto-Lara claimed that he did not possesses an understanding of the law in relation to the facts and his defense counsel provided no advise to the defendant in relation to the double jeopardy claim, hence he plea was involuntary under that circumstances. **See Reply Brief at 3,4.**

As per the breach of the plea agreement, Soto-Lara asserts that the government spontaneous support to the sentencing court's finding constituted a breach of the plea agreement. **See Motion at 6.** Soto-Lara states:

> "Rather than bringing to the Court attention the agreed upon sentence, the government took an adversary position in regard upon the Petitioner's position related to the leadership role in the charged offense. And, the defense lawyer did not raised the appropriate objection, allowing the Court to enhance the Petitioner sentence in four level instead of two level as agreed in the guilty plea agreement.

**See Reply Motion at 7.**

3

## THE COURT OPINION AND ORDER

In a May 3, 2005 Opinion and Order, the district court denied Soto-Lara Petition. **See copy attached. Exhibit A.**

As per the breach of the plea agreement, the Court states that the government "by taking these positions in the plea agreement that Soto-Lara was entitled to received a two-level enhancement for his leadership role in the offense, the government made no promise affirmatively to recommend these positions to the Court at sentencing. Therefore, the government's failure to recommend at sentencing that Soto-Lara role in the ofense warrants a two-level upward adjustment does not constitute failure to perform on any promise and is not a breach.

This Court conclusion is incorrect. Soto-Lara plea guilty based on the agreed upon the plea agreement, which states only a two-level upward departure based on leadership role would have been assessed to him. And the Court, based on Rule 11(e)(3), accepted the plea agreement.

> "If the Court accepts the plea agreement, the Court shall, inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement."

The Supreme Court had held in <u>Rudolph Santobello v. New York</u>, 404 U.S. 257, 30 L. Ed 2d 427, 92 S. Ct 495 (1971) that "when a guilty plea rested in significant degree on a promise of the prosecutor, so that it could be said to be part of the inducement, such promise must be fulfilled."

The First Circuit consistently has accepted the Supreme Court position related to the breach of agreement by the government and consistentely has held that a prosecutor's promise, accepted by a

4

defendant in consideration of a plea agreement must be always honored. See **United States f. Flemmi**, 225 F. 3d 78 (1st Cir. 2000) See also United States v. Goncy, 1st. Cir. No. 02-2399, 2-2-04. See United States v. Canada, 960 F.2d 263 (1st. 1992). See also United States v. Gilchrist, 130 F. 3d 1131 (3d. Cir. 1997)(A sentence will be reversed where the district court fails to impose the bargained for sentence under Rule 11 (e)(1)(C)).

## DOUBLE JEOPARDY CLAIM

As per the double jeopardy claim the court asserts that "while both conspiracy charges were brought under the same statutory provisions, and while it is possible, although uncertain, that both conspiracy occurred over the same general time period and in the same general vicinity, Soto-Lara has not shown that the charges brought against him in Massachusetts are the same as those to which he already plead guilty in Rhode Island." **See Court Opinion and Order at 11.**

Basically, the Court conceded with Soto-Lara's claim with respect to the same evidence test devised by the Supreme Court in Blockburger v. United States, 284 U.S. 299, 304 (1932). This "test ordinarily requires a determination whether each offense requires an element of proof that the other does not."

The fact of the case in Soto-Lara's case are cristal-clear. Soto was charged with the same statutory provision in both conspiracy and the time during which the activities occurred, was the same. This fact is also supported by the record as well by the PSIR.

But, neverless, the Court denied Soto-Lara's petition based on a modified test which is not in accord with the Supreme Court decision in Blockburger v. Unites States.

5

The Court states that the individuals in the two conspiracy are different, and that Soto-Lara is the only common person in both conspiracy.[1] **See Court Opinion and Order at 12.**

Upon weighing the facts of this case, the Court should conclude that charging Soto-Lara with the same statutory provision during the same period of time, and by the Probation Officer recognizing that both offense correspond to the same regular conduct, is in violation of the Double Jeopardy Clause.

## BOOKER AND FANFAN ISSUE

As stated above, Soto-Lara, on February 16, 2005, submitted a motion entitled "Motion For Inclusion of Additional Cases." In this Motion, soto-Lara requested the Court to supplement his Petition based on the Supreme Court Authority enunciated in Booker and Fanfan. This request, due to one of the topic of his brief being the illegal judicial decisions made during sentencing without the imput of a jury, specifically the determination that Mr. Soto-Lara was entitled to an upward departure of 4-levels base on role in the offense when a 2-levels increase was agreed on the plea agreement. **See Supplemental Motion at page 1.** Soto also raised a pertinent objection due to the quantity of drug's which was determinated by the District Court. **See Supplemental Motion at page 1.**

---

[1] It hard to believe that if Soto-Lara had sold cocaine to 50 customer during the time of the alleged conspiracy, then he will be charged with 50 different conspiracy charges.

The District Court did not address the Booker and Fanfan issue, but as illustrated in the Court Opinion and Order dated May 3, 2005, at **page 2**. The Court states:

> "On January 10, 2002, based upon the Court's conclusion as to the drug quantity attributable to him, his role in the offense, and his criminal history, Soto-Lara was sentenced to a 168-month term of incarceration followed by a 36-month term of supervised release."

This Court's conclusion is against the principles enunciated in Booker and Fanfan. As the Blakely decision makes clear the "Statutory Maximum" for Apprendi purposes is the maximum sentence a Judge may impose solely on the basis of the facts reflected in the Jury verdict or admitted by the defendant."

Here, Soto-Lara "substantial Rights" were adversely affected by the inconsistency in the crime charged and those found by the Court that increase the base offense using a standard of proof applicable in a Civil Case.

Soto-Lara prays that this Honorable Court reconsider its decision and apply the Blakely-Booker-Fanfan rule to the facts of his case and reduce his sentence accordingly, as well Apprendi. "ABBF".

> "In order to obtain relief on a motion for reconsideration, the moving party must establish one of the followings: (1) the availability of new evidence not previously available; (2) **an intervening change in controlling law;** or (3) the **need to correct a clear error of law or to prevent manifest injustice.**"

United States v. Rich, 343 F. supp.2d 411 (E.D. pa 2000)

The following memorandum of law is also in support of Soto-Lara Petition.

II. **Argument:**

It is now clear that the rule set forth in the "ABBF" line of cases is confined to defining what the "Statutory Maximum Penalty" is as first prescribed by the High Court in Apprendi v. New Jersey, supra. The Blakely Court defined the "Statutory Maximum Penalty" as the "Guideline Statutory Base Offense Level."

It is longstanding precedent in all of the Courts, that a defendant in the guilty plea context, even if admitting elements/ factors not in the Indictment, (as here sub judice), can not be found by the Court/Trier/Fact to have committed those additional acts and be punished for them absent a juries determination beyond a reasonable doubt.

Here the court violated the dictates of In Re Winship, 397 U.S. 358 n.5 (1970) and Sullivan v. Louisiana, 508 U.S. 275, 113 S. Ct. 2078, 124 L. Ed.2d 182 (1972). In Winship the Court held that a man could not be found guilty and punished by a standard of proof applicable in a Civil Case. (preponderance of evidence standard). In Sullivan v. Louisiana, the Court held that a "Court cannot supplant it's determination as to what the Jury would have found." Based on the above two-holdings, this Court's determinations and the Guidelines were Constitutional defective even before the "ABBF" line of cases.

In United States v. Thomas, 274 F. 3d 655 (2nd cir. 2001) the Court held that to charge a Defendant with violations of 21 U.S.C. § 841, without reference to drug type or quantity in the indictment, the Court would have to engage in "Construtive Amendment of the indictment."

8

III.     REQUEST TO FILE 18 U.S.C. §3582(c)(2)
         MOTION BASED ON AMENDMENT OF UNITED STATES
                    SENTENCING GUIDELINES

It clear based on the "ABBF" line of cases that the sentencing guidelines will be amended with respect to the District Court's current procedure utilized to made "Relevant Conduct" determinations. The Movant here is not attacking the conviction; he is attacking the sentence imposed. Thus, 18 U.S.C. §3582(c)(2) and or 28 U.S.C. §2255 should be appropriate remedial procedures for attacking the sentence.

IV.              INEFFECTIVE ASSISTANCE OF COUNSEL

Here, Counsel was ineffective in failing to file a Appeal with respect to the above issues under _Winship_, supra. Every attorney could have challenged the Court's Jurisdiction to impose the enhancements listed above based on _In Re Winship_, just as _Apprendi_'s Counsel did. Thus, every lawyer that failed to rendder to his client representation equal to that of _Apprendi_ or _Blakely_ is ineffective pursuant to _Strickland v. Washington_, 466 U.S. 688 (1984). Here, in light of _Winship_, whether or not the High Court makes "ABBF" retroactive does not matter. The question for this Court should be: Did _Apprendi_ and _Blakely_ get relief from their Sentence? If the answer to that question is "Yes", then so should Movant Soto-Lara. See also Memorandum in Support of "ABBF" attached here _sub judice_.

9

MEMORANDUM IN SUPPORT

I. PETITIONER REQUEST A REDUCTION IN TERM OF IMPRISONMENT BASED ON RECENT RULING OF THE SUPREME COURT IN UNITED STATES V. BOOKER, 160 L.Ed 2d 621 AND UNITED STATES V. DUNCAN FANFAN, 160 L. Ed 2d 621, AS THEY RELATE TO THE SUPREME COURT'S PRIOR RULING IN BLAKELY V. WASHINGTON AND APPRENDI V. NEW JERSEY.

The Supreme Court recent ruling in the above cases makes abundantly clear that "any fact used to increase the sentence, (other than the fact of prior conviction) must be charged by indictment and proved beyond a reasonable doubt." (emphasis added).

Prior to the above rulings of the Supreme Court, the District Court could consider as "relevant conduct" acts that were not the basis of the indictment so long as that conduct was proved by a "preponderance of evidence." Accord United States v. Gooken, 892 F.2d 725 (8th Cir. 1989) cer. denied (U.S.) 58 USLW 3769; United States v. Restrepo, 903 F. 2d 648 (9th Cir. 1990); United States v. Wayne, 903 F. 2d 1188 (8th Cir. 1990); United States v. Uwaeme, 975 F.2d 1016 (4th Cir. 1992); United States v. Alvarez, 168 F.3d 1084 (8th Cir.1999); United States v. Hobansson, 249 F. 3d 848 (9th Cir. 2001); United States v. Rivera-Lopez, 928 F. 2d 372 (11th Cir. 1991); United States V. Scroggins, 880 F. 2d 1204 (11th Cir. 1989); United States v. Smith, 334 F.3d 552, 564 (6th Cir. 2003); United States v. Gilbert, 173 F.3d 974, 978 (6th Cir.) cert denied, 528 U.S. 856 (1999); Mistretta v. United States, 488 U.S. 361, 367 n. 1 (1989); United States v. Watts, 519 U.S. 148 (1997).

II.                    DUE PROCESS OFFENDED

The District Court's departure from the base offense level at sentencing for conduct not charged by indictment or found by reasonable doubt standard of proof offends the Constitutional Dictates of Due Process. Compare <u>Gooden</u>, supra.; <u>Restrepo</u>, supra.; <u>Wayne</u>, supra.; <u>Uwaeme</u>, supra.; <u>Alvarez</u>, supra.; <u>Johansson</u>, supra.; <u>Rivera-Lopez</u>, supra.; <u>Scroggins</u>, supra.; <u>Smith</u>, supra.; <u>Gilbert</u>, supra.; <u>Mistretta v. United States</u>, supra.; <u>United States v. Watts</u>, supra.

In light of the Supreme Court's recent rulings in <u>Blakely v. Washington</u>, 542 U.S. _____ 2004; <u>U.S. v. Booker</u>, case No. 04-104; <u>U.S. v. Fanfan</u>, Case No. 04-105 (2004); and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), it is patently clear that the High Court seeks to condemn a process which allows the district Court(s) to consider as relevant conduct acts that were not the basis of the indictment (i.e. Role in Offense, Weapons Enhancements, Drug Quantity or Amount of Loss, etc.) where the basis for the enhancement was not found by a jury, pled in the indictment or proved by more than a preponderance of evidence at the sentencing.

The United States Attorney's Office continue to tender plea bargains in contravention of the supreme Court's ruling in the above cases. For a plea agreement to be valid it is tantamount that it be a knowing and intelligent waiver of constitutional protection with a full understanding of the consequences associated with the plea. The Government is bound by every material promise it makes as part of the plea agreement. <u>Santobello v. New York, infra</u>.

11

III.                DISTRICT COURT "MADE" ENHANCEMENTS

The Federal Sentencing Guidelines are in error under 1B1.3 where they do not require scientific or statistical precision by the District Court when considering information(s) found in the Presentence Report "PSR" used to enhance a Defendant's sentence where that information is only required to exhibit a "sufficient Indicia of Reliability." Blakely, supra. Moreover, because Evidenciary Rules are not applicable to sentencing proceedings and the standard of proof is relaxed, the prosecution nor the Court can continue the practice of utilizing Presentence Reports, where their conclusions reflect layer upon layer of Hearsay. cf. See Crawford v. Washington, 158 L. Ed 2d 177 (2004)(clarifying the sixth Amendment's requirements of confrontation with respect to testimonial hearsay).

Based on the Crawford and Blakely rulings, numerous cases of the Supreme court as well as the Circuit and District Courts holding that a Sentencing Judge may consider virtually any information that exhibits an indicia of reliability must be condemned as a jury not a judge must determine a matter where a grievous loss of liberty can occur.

Here sub judice, the sentencing procedure deprived Movant of his Federal Constitutional Right to have facts used to enhance sentence proved by a reasonable doubt as he did not "stipulate" or "consent" to the district Courts determinations. See Harris v. United States, 536 U.S. 545, 563 (2002).

The Majority's Ruling in Blakely is in line with Congress and its "Basic Approach" in enacting a Guidelines sentencing system. Moreover, informations that increase the times not known to the Defendant at the

Guidelines sentence to be handed down at sentencing are often times not known to the Defendant at the time he enters into a plea agreement with the United States.

IV.                     PLEA AGREEMENTS

Fed. R. Crim. P. (11(e) advises that Attorneys for the Government and the Defendant may engage in plea discussions with a view towards reaching an agreement. The Rule concludes with a strict admonition that the Court shall not participate in any such discussions. United States v. Cassallas, 59 F. 3d 1173 911th Cir. 1995); United States v. Johnson, 53 F. 3d 831 (7th Cir. 1995); United States v. Ewing, 957 F. 2d 115 (4th Cir. 1992); United States v. Mandell, 905 F. 2d 970 (6th Cir. 1990); United States v. Medina-Saldana, 911 F. 2d 1023 (5th Cir. 1990); United States v. Quintero, 937 F. 2d 95 (2nd Cir. 1991); United States v. Lemay, 952 F.2d 995 (8th Cir. 1991); United States v. Fine, 975 F. 2d 596 (9th Cir. 1992); United States v. Baird, 109 F. 3d 856 (3rd Cir. 1997); united States v. Corroza, 4 F.3d 70 (1st Cir 1993).

The above cases clearly outline the Circuit Courts of appeals positions that a District Court Judge may "accept or reject" a negotiated plea agreement <u>after</u> reading or <u>before</u> reading the Presentence Report prepared and impose any enhancement under the guidelines that the "PSR" dictates without consideration of the Plea Agreement or Fed. R. of Evidence at sentencing. See §§§ 6B1.1; 6B1.2 and 6B1.3 of the United States Sentencing guidelines. See also §6A1.3, "Resolution of Disputed Factors" (Policy Statement) which allows the district Court to "consider relevant information without regard to its admissibility under the Fed. R. of Evidence applicable to trial, provided the evidence has sufficient Indicia of Reliability to support its probable accuracy. United States

v. Cuellar-Flores, 891 F. 2d 92 (5th Cir. 1989)(uncorroborated hearsay testimony of Probation Officer who had spoken to law Enforcement Officer was admissible); United States v. Miller, 891 F. 2d 1265 (7th Cir. 1989); United States v. Prescott, 920 F. 2d 139 (2nd Cir. 1990); United States v. Montoya, 967 F. 2d 1 (1st Cir. 1992); United states v. Cassidy, 6 F. 3d 554 (8th Cir. 1993); United States v. Morris, 46 F. 3d 410 (5th Cir.) cert. denied., (1995) 63 U.S.L.W. 3890; United States v. Messino, 55 F.3d 1241 (7th Cir. 1995); But See Crawford v. Washington, 541 U.S. __ (2004) (Slip op., at 27, 32-33); United States v. Silverman, 945 F. 2d 1337, vacated, stay, or reinstated, on reh, en banc (6th Cir. 1991) US APP LEXIS 28543.

Clearly, the longstanding practice has been to allow any hearsay testimonies at sentencing even if the testimony would substantially increase the offense level. However the Supreme Court in Crawford has now condemned this practice. The Blakely Court has simply stated what has been the law all along, that a Defendant must be permitted to "confront" the evidence against him, "compel" in Court testimony and have a 'jury not the District Court Judge determine any sentencing factor that violates Constitutional dictates. In the case a plea bargains, the defendant must be fully informed of the consequences of his plea agreement and the government is bound by any material promises it makes as part of that same plea agreement. Accord Santobello v. New York, 404 U.S. 257 (1974); United states v. N.Y. Huis, 8 F. 3d 731 (11th Cir. 1993) United States v. Jefferies, 908 F. 2d 985 (11th Cir. 1990); In Re Arnett, 804 F.2d 1200 (11th Cir. 1996); (The rationale for this method of interpretation is that the plea agreement must be construed in light of the fact that it constitutes a waiver of substantial Constitutional Rights requiring that the defendant be ADEQUATELY warned of the consequences

14

of his plea). Id, and see <u>United States v. Buckles</u>, 843 F.2d 469 (11th Cir. 1988).

## SENTENCE PRONOUNCED

In this case, Movant was sentenced to 168 months pursuant to the Sentencing Reform Act of 1984. The sentence exceeded the Guideline Range with regards to facts actually "consented" and "Stipulated" to in the plea agreement by 81 months.[2] The relevant Statutory Maximum is not at issue as the Movant was sentenced pursuant to the dictates of the Federal Guidelines and Sentencing Reform Act of 1984. As the <u>Blakely</u> decision makes clear the "statutory Maximum" for Apprendi purposes is the maximum sentence a Judge may impose <u>solely on the basis of the facts reflected in the Jury verdict or admitted by the defendant</u>. Accord <u>Ring v. Arizona</u>, 536 U.S. 584, 602 (2002)("The maximum he would receive if punished according to the facts reflected in the verdict alone," or admitted by the Defendant),(quoting <u>Apprendi</u> supra, at 483); <u>Harris</u>, supra, at 563 (plurality opinion)(same); cf. <u>Apprendi</u>, supra, at 488 (facts admitted by the defendant).

In other words, the relevant "Statutory Maximum" is not the maximum sentence a Judge may impose (i.e., if the Defendant was convicted pursuant to 21 U.S.C. § 841(b)(1)(A), stat. Maximum 10 years to life), or after finding additional Guidelines Factors, but the Maximum Guideline Sentence that he could have imposed <u>without</u> any additional findings. See 1 J. Bishop, Criminal Procedure § 87, p. 55 (2nd Ed. 1872)(cited by the Majority in <u>Blakely</u>).

---

2. See Defendant's objection to the Presentence Report - See attach. See Exhibit B.

The District Courts seemingly rejected apprendi by resigning themselves to the § 841(b)(1)(C) "Statutory Maximum" alternative as it relates to offenses involving controlled substance, (20 years). Certainly this resignation was the pure result of saving limited judicial resources and Judicial economy and not in any way a consideration of the Constitution and it dictates.

Certainly, the Federal Guidelines are a workable means of determining sentencing. However, certain portions of the Guidelines were reconsidered where they do not derive statutory authority to punish by a Legislative Enactment of the many (Congress) but of only the few the Federal Sentencing commission.

When a Defendant pleads guilty, he waives Substantial Constitutional Protections. The Government (not the Probation Officer) should be free to seek Guideline Sentencing Enhancements so long as the Defendant either "consents" or "stipulates" to the relevant facts by way of a judicial fact finding process whereby Federal rules of Evidence apply and the standard of proof is that of "reasonable doubt" and not "preponderance of evidence." See <u>Apprendi</u>, 530 U.S. at 488; <u>Duncan v. Louisiana</u>, 391 U.S. 145, 158 (1968).

"Our Constitution and the common Law tradition it entrenches, do not, admit the contention that facts (albeit-hearsay facts) are better discovered by Judicial Inquisition than by Adversarial testing before a Jury." See 3 Blackstone, Commentaries, at 373-374, 379-381. As <u>Apprendi</u> held, every defendant has the Right to insist that the Government Prosecutor prove to the jury all facts <u>legally essential</u> to punishment and if the Criminal Proceedings entail a plea of guilty, that the Government Prosecutor procure appropriate waivers of consent

16

and have every <u>legally essential element</u> that can cause the Defendant's sentence to be increased at sentencing stipulated to at the time of the rule 11 Hearing. this method of plea bargaining assures the Government that its plea process is not subject to either direct or collateral attack and assures the Defendant of Honesty and Fairness in sentencing which was clearly Congress's objective in enacting The Federal Guidelines Sentencing System.

RELIEF REQUESTED

Wherefore, the Movant requests that this Honorable Court grante his Petition. The Court has amply reasons to grant Soto-Lara's Petition (1) His defense counsel was ineffective by failing to raise meritorious issues either in the District Court of in the Appeal Court; (2) Movant requests that in light of <u>Apprendi</u>, <u>Blakely</u>, <u>Booker</u>, and <u>Fanfan</u>, this Honorable Court grante his Petition and give a full review of the sentencing proceedings with respect to the "judge made determinations" that enhanced Movant's offense level in this case, where those determinations were based on allegations that were not proved to a jury, consented or admitted to by the Movant or proved beyond a reasonable doubt at sentencing.

- In the alternative, Soto-Lara requests a Certificate of Appellability (COA) be issued by the Court based on Rule 22(a)(First Circuit Local Rule 22.1)

Respectfully Submitted,

ALBERTO SOTO LARA
Reg. No. 45865-054 D/B
F.C.I. Elkton
P.O. Box 10, Lisbon OH 44432

Dated: May 12, 2005
Lisbon, Ohio

17

## CERTIFICATE OF SERVICE

I, Alberto Soto-Lara, hereby certify that one true and correct copy of the foregoing has been mailed via First Class Mail to the Office of the U.S. Attorney whose address is:

Hiedi E. Breiger
United States Attorney Office
District of Massachusetts
I Courthouse Way
Boston, MA 02210

ALBERTO SOTO-LARA
Reg. No. 04801-070 D/B
F.C.I. Elkton
P.O. Box 10
Lisbon, Oh 44432

Dated: May 12, 2005
Lisbon, Ohio