DC/MA Thornton
Young

# United States Court of Appeals
## For the First Circuit  DC#: 04-10498

No. 05-1738

ALBERTO DEJESUS SOTO-LARA,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

Before

Torruella, Lipez and Howard,
<u>Circuit Judges</u>.

JUDGMENT

Entered: November 1, 2007

    Petitioner Alberto DeJesus Soto-Lara appeals from the decision of the Massachusetts district court denying his motion filed under 28 U.S.C. § 2255. <u>See</u> <u>Soto-Lara</u> v. <u>United States</u>, 367 F. Supp. 2d 189 (D. Mass. 2005). As for petitioner's claim that his attorney had provided ineffective assistance by not arguing that petitioner's conviction violated the prohibition against double jeopardy, there is nothing to add to the district court's decision. We therefore agree with the denial of this claim for essentially the reasons stated therein.

    In relation to the argument that counsel had acted ineffectively when he failed to raise the argument that the government had breached the plea agreement, we think that the government's breach was clear. That is, the prosecutor simply <u>never</u> informed the court of the government's promised sentencing position -- <u>i.e.</u>, that a two-level enhancement to petitioner's base offense level for his role in the offense was appropriate. Despite this breach, we nonetheless conclude that petitioner cannot make out an ineffective assistance of counsel claim.

First, even though counsel's failure to have raised the government's breach at sentencing arguably fell below an objective standard of reasonableness, petitioner cannot show prejudice as a result of this failure. See Dugas v. Coplan, 428 F.3d 317, 327 (1st Cir. 2005) (setting out the requirements for an ineffective assistance of counsel claim). In particular, in denying § 2255 relief, Judge Young (the district judge who had sentenced petitioner) stated that he still would have imposed the same sentence even if counsel had alerted him to the breach. See 367 F. Supp. 2d at 193. Second, even if petitioner might have prevailed on direct appeal (a matter we leave open), the likely remedy would have been to remand for resentencing before a different judge. Given that Judge Young had sentenced petitioner to the bottom of the guideline range, and that the basis for a four-level increase was substantial, appellate counsel reasonably could have concluded that it would have been unwise to risk the possibility that another judge might impose a higher sentence.

The judgment of the district court therefore is <u>summarily affirmed</u>. See Local Rule 27.0(c).

By the Court:

Richard Cushing Donovan, Clerk.

By: **MARGARET CARTER**
Chief Deputy Clerk.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE AND IN MY LEGAL CUSTODY.
FIRST CIRCUIT COURT OF APPEALS
BOSTON, MA
By: [signature]  Date: 3/10/08

[cc: Alberto Soto-Lara, Heidi Brieger AUSA, Dina Chaitowitz AUSA]